UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan Lee Riches, | ) | |
| | ) | |
| Plaintiff, | ) | **Report and Recommendation** |
| | ) | |
| vs. | ) | |
| | ) | |
| Paul Schum, d/b/a Bethlehem High School Principal; | ) | C/A No. 6:08-0949-MBS-WMC |
| | ) | |
| Southwest Airlines Flight 1018; | ) | C/A No. 6:08-0950-MBS-WMC |
| | ) | |
| Michael Phelps, d/b/a Olympic Swimmer; | ) | C/A No. 6:08-0951-MBS-WMC |
| | ) | |
| Johan Santana, d/b/a New York Mets Pitcher; | ) | C/A No. 6:08-0953-MBS-WMC |
| | ) | |
| Charlie Weis, d/b/a Notre Dame Fighting Irish Head Football Coach; | ) | C/A No. 6:08-0954-MBS-WMC |
| | ) | |
| John Travolta and Olivia Newton John; | ) | C/A No. 6:08-0955-MBS-WMC |
| | ) | |
| Perez Hilton, a/k/a Mario Aramando Lavandeira, Jr.; | ) | C/A No. 6:08-0956-MBS-WMC |
| | ) | |
| Marilyn De Motta, d/b/a American Savings Bank; | ) | C/A No. 6:08-0957-MBS-WMC |
| | ) | |
| Martina Harding, d/b/a Deptford Township New Jersey; | ) | C/A No. 6:08-0958-MBS-WMC |
| | ) | |
| Francesca Lewis, Michael Klein, Talia Klein, and Cessna; | ) | C/A No. 6:08-0959-MBS-WMC |
| | ) | |
| Toys R Us and Gerald Storch, d/b/a Toys R Us CEO; | ) | C/A No. 6:08-0960-MBS-WMC |
| | ) | |
| James C. Dobson, d/b/a Focus on the Family; | ) | C/A No. 6:08-0961-MBS-WMC |
| | ) | |
| Defendants. | ) | |

The Plaintiff, Jonathan Lee Riches (Plaintiff), is a federal inmate at FCI-Williamsburg proceeding *pro se*.[1] Plaintiff filed the twelve (12) civil actions listed above as "class action"

---

[1] Riches is a well-known litigator in the federal courts, having filed more than 1,000 actions in various federal district and appellate courts since 2006.  *See* U.S. Party-Case Index, http://pacer.psc.uscourts.gov. ("Pacer") (showing 1,411 cases filed as of March 26, 2008.  Since December, 2007, Plaintiff has filed two hundred and ten (210) cases, including the present action, with this Court.  Over two hundred (200) additional cases have been received from the Plaintiff and are currently being processed.

suits against a variety of defendants. The complaints, which are construed as civil rights actions pursuant to 42 U.S.C. § 1983, request injunctive relief.[2]

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a review has been made of the *pro se* complaints pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaints herein have been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

---

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaints are subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff filed a motion in these cases to proceed *in forma pauperis* under 28 U.S.C. § 1915. However, Plaintiff's request to proceed *in forma pauperis* should be denied and these complaints should be dismissed. Plaintiff is subject to the "three strikes" rule of the Prison Litigation Reform Act (PLRA), which bars an inmate from proceeding *in forma pauperis* unless he alleges facts to support a claim of imminent danger. This rule, codified at U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Congress enacted the three-strikes rule to bar prisoners, such as the Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil rights litigation. *See Senate Select Committee on Presidential Campaign Activities v. Nixon*, 366 F. Supp. 51, 55 & n. 6 (D.D.C. 1973) ("When it comes to the jurisdiction of the federal courts, truly, to paraphrase the scripture, the Congress giveth and the Congress taketh away."). *See Also Bay View, Inc. v. AHTNA, Inc.*, 105 F.3d 1281, 1283, (9th Cir. 1997); *NGS American, Inc. v. Barnes*, 998 F.2d 296, 298 (5th Cir. 1993).

This Court may take judicial notice that the Plaintiff has previously filed at least three (3) cases dismissed and deemed a strike under § 1915(g) by this Court.[3] *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (the court may take judicial notice of its own records). *See also Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving trial court's taking judicial notice of proceedings had before it in prior suit with same parties). In light of the Plaintiff's prior "strikes," he cannot proceed with the instant complaints unless (1) his claim satisfies the exception for "imminent" physical harm provided by the three-strikes rule, or (2) he pays the full filing fee for each case. 28 U.S.C. § 1915(g). *See also Banos v O'Guin*, 144 F.3d 883 (5th Cir. 1998).

---

[3] Plaintiff has filed more than three (3) prior frivolous cases in this Court since 2006, and such previous frivolous filings have been duly noted in reports and recommendations and/or orders of this Court in the following cases: Civil Action Nos. 4:06-442-MBS-WMC, 4:07-4094-MBS-WMC, 4:07-4095-MBS-WMC, 4:07-4097-MBS-WMC, 4:07-4098-MBS-WMC, and 6:07-4135-MBS-WMC.

In order to invoke the "imminent danger" exception of § 1915(g), an "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, No. 05-7048, slip op. at 272, 200 Fed. App'x 270, 272 (4th Cir. 2006)(quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). In addition, fact allegations that are remote, speculative, or hypothetical do not rise to the level of "imminent danger." *See Welch v. Selsky*, 2008 WL 238553, at *5 (N.D. New York, Jan. 28, 2008)("The imminent danger an inmate faces, moreover, must be real, and not merely speculative or hypothetical."). *See also White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)(vague or conclusory assertions of harm fail to raise a credible allegation of imminent danger). Congress intended that the danger must exist at the time the complaint is filed. Therefore, the "imminent danger" exception does not apply to harms that have already occurred. *See Malik v. McGinnis*, 293 F. 3d 559, 561-62 (2nd Cir. 2002)(citing *Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 313 (3rd Cir. 2001)); *Medberry v. Butler*, 185 F. 3d 1189, 1193 (11th Cir. 1999); *Banos v. O'Guin*, 144 F. 3d 883, 884 (5th Cir. 1998).

Obviously aware of the potential three-strikes bar to his claims, Plaintiff includes the term "imminent danger" in most of the above captioned complaints. The complaints allege either "imminent danger" or threats from the Defendants as follows:

**1.** ***Riches v. Paul Schum, d/b/a Bethlehem High School Principal*, C/A No. 6:08-0949-MBS-WMC**.

In this action, Plaintiff claims, "Plaintiffs face imminent danger on 1-5-07. Seek a restraining order against Defendants."

5

2.   *Riches v. Southwest Airlines Flight 1018*, **C/A No. 6:08-0950-MBS-WMC**.

Plaintiff states, "Plaintiffs got threats by Defendants on 1-15-08. Plaintiffs face imminent danger. Seek a restraining order."

3.   *Riches v. Michael Phelps, d/b/a Olympic Swimmer,* **C/A No. 6:08-0951-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs on 1-1-08 face imminent danger from Defendants and seek a restraining order."

4.   *Riches v. Johan Santana, d/b/a New York Mets Pitcher,* **C/A No. 6:08-0953-MBS-WMC**.

Plaintiff states, "On 1-3-08 Plaintiffs face imminent danger and seek a restraining order against Defendant."

5.   *Riches v. Charlie Weis, d/b/a Notre Dame Fighting Irish Head Football Coach*, **C/A No. 6:08-0954-MBS-WMC**.

Plaintiff claims, "Plaintiffs on 12-27-07 face imminent danger and seek a restraining order against defendants. Plaintiffs are scared."

6.   *Riches v. John Travolta and Olivia Newton John*, **C/A No. 6:08-0955-MBS-WMC**.

Plaintiff states, "Plaintiffs face imminent danger from Defendants on 12-16-07. Seek a restraining order."

7.   *Riches v. Perez Hilton, a/k/a Mario Aramando Lavandeira, Jr.*, **C/A No. 6:08-0956-MBS-WMC**.

Plaintiff claims, "On 1-3-08 Plaintiffs got threats of extortion from Defendants. Plaintiff's face imminent danger and seek a restraining order."

8.   *Riches v. Marilyn De Motta, d/b/a American Savings Bank*, **C/A No. 6:08-0957-MBS-WMC**.

In this case, Plaintiff states, "Plaintiffs face imminent danger of bodily harm by defendants on 1-27-08, and seek a restraining order."

9.  *Riches v. Martina Harding, d/b/a Deptford Township New Jersey*, **C/A No. 6:08-0958-MBS-WMC**.

   Plaintiff claims, "Plaintiffs seek a restraining order. On 1-17-08 Plaintiffs got threatened with Arson by defendants."

10. *Riches v. Francesca Lewis, Michael Klein, Talia Klein, and Cessna*, **C/A No. 6:08-0959-MBS-WMC**.

   In this case, Plaintiff states, "Plaintiffs got threatened on 1-16-08 and 1-10-08 by Defendants. Plaintiffs face imminent danger and seek a TRO."

11. *Riches v. Toys R Us and Gerald Storch, d/b/a Toys R Us CEO*, **C/A No. 6:08-0960-MBS-WMC**.

   Plaintiff claims, "Plaintiffs seek a restraining order. On 1-9-08 and 1-11-08 Plaintiffs got threats of bodily harm. Plaintiffs seek a TRO."

12. *Riches v. James C. Dobson, d/b/a Focus on the Family*, **C/A No. 6:08-0961-MBS-WMC**.

   Plaintiff states, "Plaintiffs seek a restraining order. Defendant is violent and threatened Plaintiffs on 1-5-07. Plaintiffs face imminent danger."

   In most of the above complaints, Plaintiff uses the term "imminent danger" and alleges he has received threats from many of the Defendants. However, none of the pleadings provide any specific fact allegations concerning an ongoing serious injury suffered by the Plaintiff, or the likelihood of imminent serious physical injury to the Plaintiff. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). In addition, Plaintiff's vague assertions regarding the receipt of threats are insufficient to raise a credible claim of imminent danger, *See White v. State of Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). As the instant complaints do not invoke the "imminent danger" exception to § 1915(g), Plaintiff is barred by

7

the "three-strikes" rule from proceeding with the above referenced cases, unless the filing fees are paid.

**Plaintiff is hereby given a period of ten (10) days, from the date of service of this Report and Recommendation, to pay the three hundred fifty ($350.00) dollar filing fee for *each* of the above cases. The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for payment of the filing fees by mail.**

### Recommendation

It is recommended that the District Court deny the Plaintiff's motion to proceed *in forma pauperis* in each of the above cases. It is further recommended that, should Plaintiff fail to pay the filing fees as directed above, the complaints be dismissed under the "three strikes" rule of 28 U.S.C. § 1915(g). *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F2d 201, 202-04 & n.* (4th Cir.1993); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Plaintiff's attention is directed to the important notice on the next page.

March 26, 2008                                    s/William M. Catoe
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).